UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE TEAMSTERS LOCAL 631 SECURITY FUND FOR SOUTHERN NEVADA,<br><br>　　　　　Plaintiffs,<br>　　vs.<br><br>AMERICAN TRADESHOW, INC., a Florida corporation,<br><br>　　　　　Defendant. | Case No.: 2:10-cv-00777-GMN-RJJ<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Default Judgment against Defendant Tradeshow, Inc. ("American Tradeshow") (ECF No. 9). Default having been entered against American Tradeshow, the Court having reviewed the Plaintiffs' Motion and being fully advised, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDICATED AND DECREED:**

1. The Court has considered each of the following factors in regard to Plaintiffs' request for the entry of default judgment against Defendant pursuant to Fed. R. Civ. P. 55(b)(2): (a) the possibility of prejudice to the plaintiff; (b) the merits of plaintiff's substantive claim; (c) the sufficiency of the complaint; (d) the sum of money at stake in the action; (e) the possibility of a dispute concerning material facts; (f) whether the default was due to excusable neglect; and (g) the strong policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Based upon Defendant's default, the Court has accepted the well-pleaded allegations of Plaintiffs' Complaint relating to liability as true, except as to amount of damages. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

2. The Court hereby concludes that each of the *Eitel* factors set forth in Paragraph 1 above weigh in favor of the entry of a default judgment against Defendant and that a default judgment is warranted and appropriate in this action.

3. The Court hereby concludes that Defendant is delinquent in making contributions to the Security Fund as required by the terms of the Collective Bargaining Agreement ("CBA") under which Defendant is a signatory. The CBA incorporates the Trust Agreement which established the Security Fund. The CBA, the Trust Agreement and 29 U.S.C. §1145 require Defendant to submit monthly remittance reports and to make timely contributions to the Security Fund on behalf of each employee. The detailed reports submitted by Defendant on August 2009, November 2009, December 2009, January 2010, February 2010, March 2010, April 2010 and August 2010, determine the amount of delinquent contributions owed by Defendant to Plaintiffs.

4. The Court hereby concludes that Plaintiffs have demonstrated that they are entitled to the following award pursuant to 29 U.S.C. §1132(g)(2)(A): (1) the unpaid contributions from the reports named in paragraph 3 above; (2) interest on the unpaid contributions provided by the Security Fund's governing documents; (3) liquidated damages of twenty (20%) percent; and (4) reasonable attorney's fees and costs.

Therefore, it is hereby **ORDERED** as follows:

1. Plaintiffs' Motion for Default Judgment is **GRANTED**.

2. Plaintiffs are awarded and Defendant is ordered to pay Plaintiffs the sum of $104,206 in compensatory damages, including delinquent contributions ($74,356), liquidated damages ($14,871) and interest ($14,979).[1]

3. Plaintiffs are awarded and Defendant is ordered to pay Plaintiffs' attorneys' fees. Plaintiffs shall submit an amended motion in accordance with Local Civil Rule 54-16

---

[1] Interest is calculated through the judgment date of May 19, 2011.

with an updated itemization and description of the work performed in this case within fourteen (14) days of entry of this Order.

    4.    Plaintiffs are awarded and Defendant is ordered to pay Plaintiff recoverable costs in this action.  Plaintiffs shall submit an updated Bill of Costs and disbursements in accordance with the form required by Local Rule 54-1 within fourteen (14) days of entry of this Order.

DATED this 19th day of May, 2011.

_____
Gloria M. Navarro
United States District Judge